Joseph Milchen
Attorney at Law
136 Redwood Street
San Diego, CA 92103
(619) 291-3399
California State Bar No. 38098

Attorney for Defendant
Osvaldo Castro-Gaxiola

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Honorable William Q. Hayes)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07-CR-3284 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Points and Authorities |
| | ) | In Support of Motion |
| | ) | In Limine to Preclude |
| OSVALDO CASTRO-GAXIOLA, | ) | Introduction into Evidence |
| | ) | Of Statements Made by |
| Defendant. | ) | Co-conspirators After |
| | ) | Defendant's Arrest on |
| | ) | October 31, 2006 |

## Statement of Facts and Proceedings

On October 31, 2006 defendant was arrested following the interception of telephone calls indicating that defendant would be transporting methamphetamine from one location to another. The interception of the telephone calls had been authorized by a federal judge in this District.

At the direction of Task Force Officer Julian Villagomez, the National City Police Department conducted a vehicle traffic stop on the subject car. The stop was made, and ultimately an "inventory search" of the vehicle revealed 5 pounds of methamphetamine concealed inside.

A prosecution of Osvaldo Castro-Gaxiola and his passenger Gloria Villalobos

1
U.S. v. Castro-Gaxiola
Case No. 07-CR-3284--WQH

Ortiz was commended in state court in Chula Vista. A Criminal Complaint (Case No. SCS 206209) was filed against both defendants, charging them in Count One with a violation of Section 11379(a) of the Health & Safety Code, transportation of methamphetamine. Count Two charged a violation of Section 11379.2 of the Health & Safety Code, possession of the same contraband with for sale. Osvaldo Castro-Gaxiola was not admitted to bail, and remained in custody until he was released from state prison on November 14, 2007.

On December 13, 2006 Castro entered a plea of guilty to Count One of the Complaint, and was sentenced immediately to two years in state prison.

On December 5, 2007, the Indictment in the above matter was returned. It provided in pertinent part as follows: "Beginning at a date unknown and continuing up to and including October 31, 2006 . . . defendant . . .did knowingly and intentional conspire . . . to distribute . . . methamphetamine."

Much of the discovery (perhaps as much as 80) involves wiretap evidence and other evidence that occurred after October 31, 2006.

**Points and Authorities**

If defendant's participation in a conspiracy continued "up to and including October 31, 2006," as alleged in the Indictment, it is difficult, if not impossible, to imagine how events occurring after that date can be admissible into evidence against defendant.

Rule 402 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

"A defendant is criminally liable for any underlying substantive offenses committed by co-conspirators during defendant's membership in the conspiracy. On the other hand, a defendant cannot be held liable for substantive offenses committed before joining or after withdrawing from a conspiracy." United States v.

Lothian, 976 F.2d 1257, 1962 (9th Cir. 1992), citing, Levine v. United States, 383 U.S. 265, 266 (1966).

Defendant's arrest on October 31, 2006 marked the end of his membership in the conspiracy as a factual matter (according to the Indictment) and as a legal matter.

In light of these facts and law, any and all statements made or act committed by co-conspirators in this case subsequent to the defendant's arrest are irrelevant to the conspiracy charged against defendant and must be excluded.

## **Practical Considerations**

The materials designed as "discovery" in this case are extraordinarily large in volume. Restricting the relevant evidence to events occurring prior to October 31, 2006 will greatly reduce the amount of time necessary to reviewing the discovery.


Dated:  April 25, 2008                s/Joseph Milchen_____
                                      Joseph Milchen
                                      Attorney for Defendant
                                      Osvaldo Castro-Gaxiola